**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**HOWARD LEE LEACH** **PLAINTIFF**
**ADC #111353**

**V.** **CASE NO. 4:25-cv-01213-LPR**

**FEDERAL BUREAU OF INVESTIGATION,**
***FBI, Director*** **DEFENDANT**

# ORDER

Plaintiff Howard Lee Leach, an inmate in the East Arkansas Regional Unit of the Arkansas Division of Correction, filed a *pro se* Complaint on November 21, 2025.[1] Mr. Leach did not pay the $405 filing fee, instead seeking to proceed with his case *in forma pauperis*.[2]

The Prison Litigation Reform Act provides that a prisoner cannot proceed *in forma pauperis* "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."[3] Prior to filing this lawsuit on November 21, 2025, Mr. Leach filed at least three actions that were dismissed as frivolous or for failing to state a claim upon which relief may be granted.[4]

A plaintiff with "three strikes" may proceed *in forma pauperis* only if he falls under the

---

[1] Compl. (Doc. 2).

[2] Mot. for Leave to Proceed *in forma pauperis* (Doc. 1).

[3] 28 U.S.C. § 1915(g).

[4] *See Leach v. Storey*, No. 5:00-cv-05070-HFW (W.D. Ark. dismissed May 4, 2000); *Leach v. Norris*, No. 5:01-cv-00441-JMM (E.D. Ark. dismissed July 2, 2002); *Leach v. White*, No. 5:01-cv-05081-JLH (W.D. Ark. dismissed June 27, 2001); *Leach v. Norris*, No. 5:04-cv-05059-JLH (W.D. Ark. dismissed May 21, 2004).

"imminent danger" exception to the three strikes rule.[5] For Mr. Leach to be able to proceed *in forma pauperis* in this case, he must establish that he was in imminent danger of serious physical injury at the time he filed his Complaint.[6] Mr. Leach's pleadings do not indicate he was in imminent danger at the time he filed his Complaint. Accordingly, the imminent danger exception does not apply. This case will therefore be dismissed due to Mr. Leach's failure to pay the filing fee. Mr. Leach will have thirty (30) days to reopen this case by paying the $405 filing fee in full.

IT IS THEREFORE ORDERED that:

1. Mr. Leach's Motion for Leave to Proceed *in forma pauperis* (Doc. 1) is DENIED.

2. Mr. Leach's Motions for Summary Judgment and Motion for Ruling on Summary Judgment (Doc. 4, 5, 7) are DENIED as MOOT.

3. Mr. Leach's Complaint (Doc. 2) is DISMISSED without prejudice.

4. Mr. Leach has thirty (30) days from the date of this order in which to reopen this case by paying the $405 filing fee in full.

5. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order and the accompanying Judgment would not be taken in good faith.

DATED this 27th day of August 2026.

LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

[5] *See* 28 U.S.C. § 1915(g) (providing that three-strikers should be granted permission to proceed *in forma pauperis* if they are 'under imminent danger of serious physical injury"); *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998) (explaining that the exception applies only if the prisoner is in imminent danger "at the time of filing" and that "[a]llegations that the prisoner has faced imminent danger in the past are insufficient").

[6] *See Ashley*, 147 F.3d at 717.